DOYLE, J.
The information in this case charged defendant, Otto Adams, jointly with Jim Hart, John Hart, Leonard Adams, and William McGill, with having on the 26th day of April, 1934, broken into and entered a storehouse, the property of W. M. Balthrop, located in the city of Marietta, with intent to steal certain com, the personal property of Paul Miller.
Upon his separate trial the jury returned their verdict finding the defendant, Otto Adams, guilty of burglary as charged in the information and assessed his punishment at confinement in the state penitentiary for a term of two years.
Prom the judgment rendered in accordance with the verdict on April 18, 193'6, he appeals, and assigns as error that the verdict is contrary to the law and the evidence, that the court erred in admitting incompetent evidence and in excluding competent evidence offered on the part of the defendant, and erred in its instructions to the jury.
*7 No brief has been filed, and no appearance made in behalf of plaintiff in error in this court.
This is a companion case to that of Jim Hart v. State, 57 Okla. Cr. 372, 48 Pac. (2d) 337, whose conviction was on appeal affirmed.
The undisputed facts are that on the date alleged Paul Miller had a carload of shelled corn sacked, 100 pounds to the sack, stored in a warehouse near the depot in Marietta. On the night of April 26, 1934, the two locks on the door of the warehouse were broken off, and it was entered and 200 sacks of this corn stolen.
The evidence shows that the corn was hauled away in a truck or trucks, some corn had spilled along the road. By following the spilled com the owner and the officers trailed the same to the home of John Hart, where 60 sacks of the stolen corn were found. From John Hart’s place, spilled corn was followed to the home of Jim Hart, about half a mile south, where another 60 sacks were found. The next day they went half a mile west of John Hart’s house to the home of this defendant, where they found 80 sacks of com in the brush, about 200 yards from his home.
It also appears that from the highway to the defendant’s house and to where the com was found the road! had been disked or a harrow drawn over it. As they were passing the house the sheriff spoke to the defendant, but after finding the com and returning to the house the defendant was not there.
There was testimony tending to show that all the defendants named in the information were together in a car near the home of John Hart the evening of the date alleged.
*8 Tbe defendant, in support of bis alibi defense, testified that be was in Gainesville, Tex., at tbe home of Albert Jackson, bis brotber-in-law, on the date alleged.
Albert Jackson testified that be lived in Gainesville, and tbe defendant came to bis home on April 25, 1934, and stayed there about two months.
In cases of this kind, where no briefs are filed, nor oral argument made, we do not consider it the duty of this court to go into a careful examination of tbe evidence to determine whether or not tbe trial court erred in tbe admission or rejection of evidence.
In this case we have examined the record and find it free from substantial error.
As to tbe sufficiency of tbe evidence to sustain tbe verdict, we think there can be no reasonable doubt. The instructions given by the court to which no objection was made or exception taken, correctly and fully present the law of the case, including the law of circumstantial evidence.
It appearing that the defendant had a fair and impartial trial, and was properly convicted, the judgment appealed from is affirmed.
DAVENPORT, P. J., and BAREFOOT, J., concur.